MATTHEW A. CUTLEY, PROSECUTOR, v. NEW JERSEY STATE HIGHWAY COMMISSION, RESPONDENT.

Submitted May 10, 1932—Decided August 18, 1932.

Before Justices PARKER, CAMPBELL and LLOYD.

For the prosecutor, *Eric H. Jentz.*

For the respondent, *William A. Stevens,* attorney-general, *Walter H. Bacon* and *George T. Vickers.*

PER CURIAM.

We think the writ in this case should be dismissed for both legal and factual reasons.

In the first place the writ is improperly directed to the highway commission and should have been directed to the civil service commission. This would be sufficient to require its dismissal.

Prosecutor, prior to April 8th, 1930, was employed as supervisor of maintenance by the state highway commission. He is a veteran of the World War and holds an honorable discharge and claims under *Pamph. L.* 1907, *ch.* 14, the right to continue to enjoy the benefit of such position unless properly discharged after hearing upon written charges.

He was discharged by the highway commission and then appealed from its finding to the civil service commission which latter body seems to have approved of the dismissal on October 15th, 1930. The return of the present writ does not show any judgment of the civil service commission. This situation is created, undoubtedly, because the writ is not directed to that body but to the highway commission. The

fact that such a judgment was reached by the civil service commission upon the appeal to it by the prosecutor is shown by the latter's testimony taken under the present writ.

While, as we have already said, the present writ, for the reasons before given, might, and in fact should be, dismissed, yet turning to the merits we find that prosecutor complains that he was not properly dismissed by the highway commission through a hearing upon written charges and that, upon his appeal from such dismissal to the civil service commission, such appeal was interrupted by an adjournment, without date, and the latter body proceeded to judgment against him without proper notice.

The facts as shown by the record return, and depositions taken, do not substantiate either of these contentions but, on the contrary, show such assertions to be utterly without foundation.

The proceedings under review are affirmed, and the writ dismissed, with costs.